# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES W. EDEN,** | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. CIV 20-207-RAW-KEW |
| **JEFFERY RICHARDSON,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a pro se state prisoner in the custody of the Texas Department of Criminal Justice who currently is incarcerated at the Estelle Unit in Huntsville, Texas.  Although the petition is vague, Petitioner is attacking his murder conviction and life sentence in Dallas County Criminal District Court Case No. F-1000123-1. *See* Texas Department of Criminal Justice website at https://offender.tdcj.texas.gov/OffenderSearch/search.action.[1]  He raises the following grounds for relief:

I. They lied on me & I did accidentally kill a 7 time child molester & he was raping a nine year old girl right then.

II. He lied on me.

III. They lied on me & used a lie testimony on me to give me a life sentence.

---

[1] The Court takes judicial notice of the Texas Department of Criminal Justice website pursuant to Fed. R. Evid. 201.  *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

(Dkt. 1 at 5-7).

Petitioner apparently is alleging Kathy Stoker and Terry Ingmire lied during his criminal proceedings. (Dkts. 1 at 5, 1-2). Petitioner believes both individuals live in Enid, Oklahoma. (Dkt. 1-2). A review of the Court's records shows that Petitioner also has filed in this Court a civil rights action pursuant to 42 U.S.C. § 1983 concerning his conviction. *See* Case No. CIV 20-206-RAW. In that case, he is suing Kathy Stoker, a district attorney, and Terry Ingmire. *Id*.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). In addition, "'the court issuing the writ [must] have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden*, 410 U.S. at 495). Petitioner was convicted and sentenced in Texas and is incarcerated in Texas. In addition, this Court lacks jurisdiction over Petitioner's custodian, who is the senior warden of Petitioner's facility in Texas. Therefore, this Court lacks jurisdiction over Petitioner's § 2254 action. *See Kelso v. Luna*, 317 F. App'x 846, 847 (10th Cir. 2009) (dismissing § 2254 petition for lack of jurisdiction because Oklahoma federal court did not have jurisdiction over petitioner's California custodian). *See also Eden v. Stoker*, No. CIV-19-759-SLP, 2019 WL 4858337 (W.D. Okla. Aug. 27, 2019) (unpublished report and recommendation recommending dismissal for lack

of jurisdiction of § 2254 petition filed by same petitioner with the same respondents as the present case), *adopted by district court*, 2019 WL 4855170 (Oct. 1, 2019).[2] Therefore, this action must be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**ACCORDINGLY**, this action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 10th day of July 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] Petitioner also has recently filed at least one habeas corpus action in Texas to challenge this conviction. The action was dismissed with prejudice as barred by the statute of limitations. *See Eden v. Davis*, No. 3:20-cv-179-S-BN, 2020 WL 1216717 (N.D. Tex. Feb. 18, 2020) (unpublished report and recommendation), *adopted by district court*, 2020 WL 1187172 (Mar. 11, 2020).